## CIRCUIT COURT OF FAIRFAX COUNTY

Regency Homes, Inc.

v.

Best and Myers

January 19, 1989

Case No. (Chancery) 109153

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on Defendants' Demurrer to the Amended Bill of Complaint filed December 23, 1988. For the reasons set forth below the Demurrer is sustained.

Although the Amended Bill of Complaint sets forth only two counts, specific performance and breach of contract, the facts as pleaded actually assert several issues which must be addressed separately on demurrer.

The Amended Bill of Complaint raises only three new allegations not previously set forth in the original Bill of Complaint. Each allegation is an issue subject to demurrer.

The first new allegation raised is that the parties had orally agreed that the Plaintiff purchasers would have a "reasonable time" in which to obtain financing, and that settlement would be indefinitely extended accordingly. Although the correspondence attached to the Bill of Complaint do memorialize agreements of extension, they merely indicate the settlement date was extended to August 30, 1988, at the latest. There is no evidence to support the existence of any agreement to indefinitely extend settlement until such time as financing was obtained. In fact, the precise language of the contract and the subsequent correspondence suggest to the contrary that time

was of the essence, and each extension was identified in writing by date. Although time is ordinarily not of the essence in the performance of a real estate contract, it is if the contract expressly so states, or if fairness requires such implication from the conduct of the parties or the nature and circumstances of the agreement. *See Turney v. Smith*, 211 Va. 810 (1971). Further, any oral modification to a written agreement for the sale of land is subject to the statute of frauds. *See* Va. Code § 11-2 (1950). Since there is no written evidence of such a modification beyond August 30, 1988, it cannot be enforced. *Moyers v. Ellis*, 167 Va. 213 (1936).

The second new allegation made was that paragraph 5 of the contract required sellers to provide a title report to the purchasers. Since the Plaintiffs never received such a report, they argue they were not obligated to settle. Defendants have attempted to submit evidence that such a title report *was* provided, as indicated by copy of correspondence to that effect dated April 19, 1988. However, such evidence is improper at this stage, and cannot be considered on a demurrer. This Court cannot make any finding that a title report was or was not provided. However, it appears to this Court that notwithstanding the requirement of the title report, due to Plaintiff's failure to raise such a claim before the last possible extension of settlement, August 30, such a defect must now be considered waived. Accordingly, the demurrer as to that allegation is sustained.

Lastly, the Plaintiffs argue that Defendant sellers were not able to execute a good and sufficient title as required under the contract, paragraph 6. However, the seller was not required to deliver good title until the scheduled date of closing. *See Sachs v. Owings*, 121 Va. 162, 169 (1917). Since settlement never took place, that obligation never arose.

Defendants have again attempted to submit evidence with their demurrer that they were prepared at all times to deliver a fully executed deed, as indicated by an affidavit of Title Associates, Inc. Again, such evidence cannot be considered on demurrer. However, since the sellers were not required to so provide a deed until a closing occurred, the demurrer to this allegation must be sustained as well.