**COMMONWEALTH FILM
PROCESSING, INC.,**
Plaintiff,

v.

**COURTAULDS UNITED STATES,
INC., Defendant.**

Civ. A. Nos. 89–0129–R, 87–0045–D.

United States District Court,
W.D. Virginia,
Roanoke Division.

Aug. 14, 1989.

John T. Arnold, Gregory Lyons, Gardner, Moss & Rocovich, Roanoke, Va., for plaintiff.

William B. Poff, Douglas W. Densmore, Frank Friedman, Woods, Rogers & Hazlegrove, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case is before the Court on the defendant's motion to dismiss or, in the alternative, for summary judgment and on various discovery matters. Civil Action

No. 89–0129–R involves an alleged verbal license agreement in settlement of the preexisting patent and trade secrets litigation styled *Martin Processing, Inc. v. Commonwealth Film Processing, Inc.,* Civil Action No. 87–0045–D. The two cases have been consolidated, but will be discussed herein as the "settlement case" and the "patent case." Defendant in the settlement case has raised the statute of frauds as a bar to enforcement of any alleged oral license agreement. The parties have submitted briefs, the Court has reviewed the pleadings and has heard oral argument, and the motion is ripe for decision.

## STATEMENT OF FACTS

The material facts on the statute of frauds issue are undisputed.[1] Representatives from Courtaulds United States, Inc. ("Courtaulds") and Commonwealth Film Processing, Inc. ("Commonwealth") met on March 25, 1988 at National Airport for the purpose of discussing possible settlement of the patent case. Martin Processing, plaintiff in the patent case, is the wholly-owned subsidiary of Courtaulds. No attorneys were present at the meeting. It is undisputed that certain basic understandings were reached on issues relevant to a possible license agreement between Courtaulds and Commonwealth which it was believed would settle the patent litigation. It is also undisputed that the oral license agreement which Commonwealth alleges was reached on March 25 was not reduced to writing and signed by Courtaulds.

## STATUTE OF FRAUDS REQUIRES WRITING FOR LICENSE AGREEMENT TO BE ENFORCEABLE

The rule in the Fourth Circuit is that federal law governs issues regarding the enforceability of settlements and releases in pending federal litigation. *Gamewell Manufacturing, Inc. v. HVAC Supply, Inc.,* 715 F.2d 112, 115 (4th Cir.1983). To determine the appropriate federal rule, the Court should review "the best-reasoned decisions in the general common law development of the subject." *Id.,* at 116. In this case, the alleged agreement is much more than a mere agreement to settle pending litigation. The agreement alleged by Commonwealth is instead a complete, fairly complicated license agreement. Having reviewed the federal caselaw in the subject area of license agreements in patent cases, the Court finds that the federal rule is, and indeed has been since at least 1867, that such agreements which cannot be fully performed within one year are subject to the statute of frauds. *See Packet Co. v. Sickles,* 72 U.S. (5 Wall.) 580, 595, 18 L.Ed. 550 (1867); *Pleatmaster, Inc. v. Consolidated Trimming Corp.,* 253 F.2d 694 (6th Cir.1958); *Schick Service, Inc. v. Jones,* 173 F.2d 969, 977 (9th Cir.1949); *Matthews v. Continental Roll & Steel Foundry, Co.,* 121 F.2d 594, 597 (3d Cir. 1941); *Radio Corporation of America v. Cable Radio Tube Corp.,* 66 F.2d 778, 784 (2d Cir.1933). The Court also finds that this long-standing rule is not changed by the fact that the license agreement might be intended to settle pending federal patent litigation. Additionally, as did the Court in *Gamewell,* this Court has looked to the *Restatement (Second) of Contracts* for guidance and has found further support for its opinion on this issue. The Restatement, at § 110 and § 130, provides that any contract which cannot be fully performed within one year is within the statute of frauds and cannot be enforced unless its essential terms are reduced to writing and signed by the party to be charged. Consequently, federal law would require that the alleged license agreement at issue in this case be subject to the statute of frauds if it is incapable of full performance within one year.

---

**1.** Commonwealth argues that Courtaulds's Motion for Summary Judgment is premature because of outstanding discovery. The Court finds, however, that Commonwealth has had a reasonable opportunity for discovery as required by *Gay v. Wall,* 761 F.2d 175 (4th Cir. 1985). Commonwealth has conducted considerable discovery and has submitted documents and affidavits on the statute of frauds issue. The additional discovery requested by Commonwealth and objected to by Courtaulds relates to the substance of the alleged oral agreement and not to its enforceability under the statute of frauds.

The issue of whether an alleged agreement is unenforceable under the statute of frauds is a question of law for the Court. *Sun Studs, Inc. v. Applied Theory Assoc., Inc.,* 772 F.2d 1557, 1561 (Fed.Cir.1985). It is clear from the allegations in Commonwealth's complaint that the license agreement they contend was reached cannot be fully performed within one year. In paragraph 11a of the complaint, Commonwealth alleges that the license agreement would be "continuous." Paragraph 11b states that the alleged agreement contained a provision for royalty payments which were to continue for five years. Consequently, the license agreement which is alleged by Commonwealth falls squarely within the statute of frauds and is unenforceable unless saved by a recognized exception to the statute.

## PART PERFORMANCE EXCEPTION

Commonwealth asserts that its part performance under the alleged license agreement removes this case from the statute of frauds. To prevail on this argument, Commonwealth must meet each of the following requirements: (1) the oral agreement must be certain and definite in its terms; (2) the acts undertaken must be attributable solely to the contract in question; and (3) the agreement must have been so far executed that a refusal of full execution would operate a fraud upon Commonwealth. *See T ... v. T ...,* 216 Va. 867, 224 S.E.2d 148 (1976). The Court finds without reservation that Commonwealth has failed to meet any of the three requirements.

It is abundantly clear from the April 7, 1988 letter from counsel for Commonwealth to the Court that the alleged license agreement is uncertain and indefinite. In that letter, counsel for Commonwealth candidly stated that "considerable negotiation over the terms and conditions" was anticipated. The letter went on to state that renewed discovery would be necessary if the parties were unable to "execute mutually agreeable documents." The various drafts of the alleged agreement and considerable correspondence reveals that major terms and conditions considered important by each party, particularly whether the license would be exclusive, were and continue to be disputed. A letter from counsel for Commonwealth dated January 16, 1989 sets forth 41 separate areas of disagreement. The alleged agreement falls woefully short of the requirement that it be clear, definite and unequivocal in all its terms.

Commonwealth also fails to carry its burden of establishing the second requirement—that the acts allegedly undertaken be attributable solely to the contract in question. Most of the acts which Commonwealth alleges in support of its part performance argument are equally or more consistent with a desire to make their business profitable, to provide security for its allegedly unlawful use of the Courtaulds/Martin technology, and to maximize its use of the patent at issue in the case than it is with having entered into a license agreement with Courtaulds. Commonwealth's reliance on its unsupported statement that it has been placing royalties in escrow is also unavailing. Initially, the Court notes that placing royalties in escrow is not attributable to the alleged license agreement, for Commonwealth states that the agreement requires *payment* of royalties to Courtaulds. Secondly, the correspondence indicates that Commonwealth did not attempt to escrow any royalty payments in accordance with the time schedule in the alleged agreement. Finally, any placement of funds into escrow during litigation could clearly be attributable to a party's recognition of potential liability and its desire to maintain reserves for the satisfaction of any resulting judgment.

The Court also finds no basis for Commonwealth's argument that the alleged license agreement has been so far executed that a denial of specific performance would operate as a fraud upon it. Commonwealth has been unable to identify any aspects of the alleged agreement which have been executed, other than its continued use of the patent which is the basis for the underlying patent litigation. Commonwealth's assertion that Martin has ceased prosecuting the patent action and has acquiesced in Commonwealth's use of Martin's technolo-

gy is unpersuasive both legally and factually. The court record reflects that Martin has consistently prosecuted its case. More importantly, there is no authority that interrupting active litigation to discuss settlement possibilities is an indication that the litigation has been settled and prosecution abandoned.

Having failed to establish any of the requirements of the part performance exception, Commonwealth is unable to avoid the statute of frauds on that basis.

## EQUITABLE ESTOPPEL EXCEPTION

 Commonwealth also seeks to rely on the equitable estoppel exception to avoid the operation of the statute of frauds. The rule in the Fourth Circuit is clear, however, that "the doctrine of equitable estoppel is inapplicable where, as here, the plaintiff's [Commonwealth's] detriment results solely from the defendant's [Courtaulds's] failure to perform under the alleged oral contract." *Owens v. Ashland Oil, Inc.*, 708 F.Supp. 757, 759 (W.D.Va.1989), *citing Lance J. Marchiafava, Inc. v. Haft*, 777 F.2d 942 (4th Cir.1985). This is so because either party has the right to refuse to execute an oral contract which is unenforceable under the statute of frauds. *Lance J. Marchiafava, Inc. v. Haft*, 777 F.2d at 945, *citing Williston on Contracts* § 533A, at 806 (3d ed. 1960). Commonwealth's allegations in support of its equitable estoppel argument are the same as those in support of its part performance argument. The alleged detriment results solely from Courtaulds's denial of the existence of a license agreement and its refusal to perform the responsibilities attributed to it by Commonwealth. As a result, the equitable estoppel argument must also fail.

## DOCTRINE OF JUDICIAL ESTOPPEL

Courtaulds argues in its reply brief that the doctrine of judicial estoppel prevents Commonwealth from advancing inconsistent positions or taking later positions which are inconsistent with a position previously taken. *See Van Gaalen v. Sparks*, 555 F.Supp. 325 (E.D.Va.1983). While the Court recognizes the obvious inconsistency

between the position set forth in the April 7, 1988 letter by Commonwealth's counsel to the Court and the position taken now by Commonwealth, the Court's ruling on the statute of frauds issue makes it unnecessary to rule on Courtaulds's judicial estoppel argument.

## DISCOVERY ISSUES

Because the Court has ruled that the alleged license agreement in settlement of the patent litigation is unenforceable under the statute of frauds, the "settlement case" must be dismissed. Consequently, the discovery issues are moot and need not be addressed.

## CONCLUSION

Based upon the foregoing, it is the judgment of this Court that enforcement of the alleged settlement agreement is barred by the statute of frauds and the "settlement case" must be dismissed with prejudice. An appropriate order consistent with this memorandum opinion shall be entered this day.