## CIRCUIT COURT OF FAIRFAX COUNTY

Paul Bruce, Inc.

v.

Gemini Asset Managers,
Tradewinds Realty Advisors,
and Renaissance Asset Management

January 17, 1995

Case No. (Law) 133551

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on November 18, 1994, on the defendants' plea of the statute of frauds and the plaintiff's opposition thereto. I have now had the opportunity to consider carefully the arguments and the briefs submitted by counsel. For the reasons stated below, the plea of the statute of frauds is overruled.

### Facts

The facts of this case may be briefly summarized. The plaintiff in this case is Paul Bruce, Inc. (the "Plaintiff" or the "Broker"). The defendants are Gemini Asset Managers, and its partners, Tradewinds Realty Advisors and Renaissance Asset Management (Gemini and its partners may sometimes be referred to collectively as the "Defendants").

According to the Amended Motion for Judgment, the Defendants acted as agents for the Resolution Trust Corporation ("RTC") in selling assets

acquired by RTC from failed financial institutions. ¶ 2.[1] One such asset acquired by RTC was the interest of the holder of a note secured by the lien of a deed of trust on real property known as Allwin of Idylwood located in Fairfax County, Virginia (the "Property"). On December 22, 1992, the Broker and Gemini entered into an Exclusive Listing Agreement (the "Agreement") by which the Broker was given the exclusive right to broker the sale of the Property. ¶ 5.[2] Pursuant to the Agreement, Gemini would be responsible for paying a brokerage commission to the Broker for any sale of the Property during the exclusive listing period, whether or not the Broker procured the buyer. ¶ 7. Shortly after the Agreement was signed, Gemini advised the Broker that Gemini had a potential buyer for RTC's interest in the Property and that, if the potential sale was consummated, Gemini would recognize the Broker's right to receive a commission. ¶ 9. In fact, during the term of the Agreement, RTC's position in the Property was sold to SBMU Construction Corporation. Fifty thousand dollars of the sales proceeds were paid to the maker of the note, and the remaining proceeds of $1,254,000 were paid to RTC. ¶¶ 10, 11. Immediately after acquiring RTC's position as noteholder and beneficiary of the deed of trust, the purchaser canceled the note and released the deed of trust. Therefore, the effect of the transaction was a sale of the real property. ¶ 10. The Agreement provided that the Broker was to receive a commission of five per cent of the proceeds of sale received by RTC. ¶ 12. Despite demand therefor, the Defendants have failed to pay the Broker the commission due. ¶ 14.

The Broker alleged these same facts in the original Motion for Judgment filed in this case. The Defendants demurred to the Motion for Judgment, arguing that the Broker had failed to plead that all conditions precedent to the obligations of Gemini under the Agreement had been satisfied. *See Lerner v. The Gudelsky Co.*, 230 Va. 124, 334 S.E.2d 579 (1985).[3]

---

[1] All paragraph references (¶) are to the numbered paragraphs in the Amended Motion for Judgment.

[2] The Agreement attached to the Amended Motion for Judgment is dated December 16, 1992.

[3] Under the rule of *Lerner v. The Gudelsky Co., supra,* "[a] party seeking to recover on a contract right must allege and prove performance of any express conditions precedent upon which his right of recovery depends." 230 Va. at 132, 334 S.E.2d at 584.

Section 5.1 of the Agreement contains three express conditions precedent to Gemini's obligations to pay a commission. Each of the following events must occur before a commission is due:

(a) The execution and delivery by Owner and purchaser of a contract acceptable to Owner in form and substance,

(b) The consummation of the sale of the Property, including the payment of the Purchase Price, and receipt thereof by Owner; and

(c) Broker having timely and strictly performed all covenants and obligations and having complied with all conditions required by this Agreement.

*See* Amended Motion for Judgment, Exhibit 1, § 5.1. Gemini contends that none of these conditions precedent was satisfied by the Broker. First, there never was a contract for the sale of the "Property" acceptable to the "Owner." According to Gemini, RTC was not the "Owner" of the Property. Secondly, the "Property" was never sold. The "Property" under the Agreement was the real property itself, not RTC's position as noteholder and lienholder. Third, Broker never performed its covenants and obligations under the Agreement, such as marketing the Property.

Gemini's demurrer to the Motion for Judgment was sustained and the Broker was granted leave to amend to allege the satisfaction of all conditions precedent. *See* Order, entered September 16, 1994. In the Amended Motion for Judgment, the Broker adds the allegations that:

> All conditions precedent to Plaintiff's entitlement to a commission under the Exclusive Listing Agreement were met or waived by Defendants. Plaintiff at all times acted in accordance with Defendants' instructions regarding his engagement under the terms of the Exclusive Listing Agreement. Plaintiff either specifically met each of his obligations or his performance was waived or excused by Defendants.

Amended Motion for Judgment, ¶ 8. In paragraph 9 of the Amended Motion for Judgment, the Broker alleges:

> Specifically, shortly after the Exclusive Listing Agreement was executed . . . [Defendants] excused and waived other and further obligations by instructing Plaintiff to wait until the expiration of the study period under the pending contract before taking further actions under the Exclusive Listing Agreement. Based upon said conduct Defendants are estopped to deny that Plaintiff satisfied all conditions precedent.

Amended Motion for Judgment, ¶ 9.

### *Plea of the Statute of Frauds*

In response to the Amended Motion for Judgment, the Defendants filed a plea of the statute of frauds. The Defendants claim that any oral modification of the provisions of the Agreement are unenforceable because (i) the Agreement requires any amendments to be in writing,[4] and (ii) oral modifications to contracts required to be in writing are unenforceable under the rule of *Moyers v. Ellis*, 167 Va. 213, 188 S.E. 151 (1936).[5]

In *Moyers v. Ellis, supra*, the Virginia Supreme Court held that:

> It has long been settled in this State that a parol agreement materially varying a prior written agreement for the sale of land is within the statute of frauds. To allow such substitution of the verbal agreement for the written contract would defeat the very purpose of the statute.

167 Va. at 217-218, 188 S.E. at 153. *See also Heth v. Wooldridge*, 27 Va. (6 Rand.) 605, 610 (1828) (to permit material oral modifications of contracts required to be in writing "presents . . . the very mischiefs which the Statute meant to prevent.").

The Defendants further maintain that the Broker's argument that the Defendants are estopped to deny that the Broker has satisfied all conditions precedent to Gemini's obligation to pay the commission has no applicability to this law action. Additionally, the Defendants contend that the doctrine of equitable estoppel does not apply to situations in which the party asserting the estoppel has suffered detriment resulting solely from another party's failure to perform an obligation under an oral agreement. *Lance J. Marchiafava, Inc. v. Haft*, 777 F.2d 942, 945 (4th Cir. 1985).

The Broker responds to the Defendants' plea of the statute of frauds by arguing that oral modifications of a contract are enforceable even if the underlying contract is required to be in writing under the statute of frauds. In support of this argument, the Broker cites *Walker v. Arrington*, 241 Va.

---

[4] The Agreement provides at § 16.5 that "[n]o change or modification of, or waiver under, this Agreement shall be valid unless it is in writing and signed by the duly authorized representative of Owner and Broker," and at § 16.9 that "[n]o waiver shall be asserted against any party hereto unless signed in writing by such party." *See* Amended Motion for Judgment, Exhibit 1, §§ 16.5, 16.9.

[5] Brokerage agreements for services to be performed in the sale of real estate by a real estate broker must be in writing to satisfy the statute of frauds. Va. Code Ann. § 11-2(7).

451, 403 S.E.2d 693 (1991), *Colonial Ford Truck Sale, Inc. v. Schneider*, 228 Va. 671, 325 S.E.2d 91 (1985), and *T. v. T.*, 216 Va. 867, 224 S.E.2d 148 (1976). The Broker further contends that oral modifications to a contract may be effective despite a provision in the contract that all modifications must be in writing. *Virginia Auto Mutual Ins. Co. v. Brillhart*, 187 Va. 336, 46 S.E.2d 377 (1948). The Broker argues that, under the facts of this case, Gemini is estopped from asserting the defense of statute of frauds. Finally, the Broker argues that, even if the rule of *Moyers v. Ellis* applies to the facts of this case, that rule is limited to *material* modifications of a contract subject to the statute of frauds and the materiality *vel non* of the alleged waiver of the conditions precedent is a question for the jury. *See* Opposition to Plea of Statute of Frauds at 4-5.

The first case cited by the Broker, *Walker v. Arrington, supra*, is not particularly helpful in resolving the issues in this case. In *Walker*, a landlord and tenant attempted orally to modify a three year lease of real property. The trial court did not decide whether the lease had been modified. The trial court found that, even if there was a modification of the lease, there was no consideration for the lease amendment. The Supreme Court reversed the finding that there was insufficient consideration and remanded the case to the trial court to determine if the lease was modified. There was no discussion of the applicability of statute of frauds to the lease amendment.

The second case cited by the Broker is equally unhelpful. In *Colonial Ford Truck Sales, Inc. v. Schneider, supra*, the Supreme Court held that a promisor may be liable for his actual fraud in inducing another to enter into an oral agreement that would otherwise be unenforceable under the statute of frauds. In this case, the Broker makes no allegation of actual fraud. Therefore, the holding of *Colonial Ford* is inapplicable to the facts of this case.

The Broker cites *T. v. T., supra*, in support of its argument that a contract that is subject to the statute of frauds may be orally modified. That case, however, does not address the enforceability of oral modifications to contracts subject to the statute of frauds. In *T. v. T.*, the Supreme Court held that a court of equity may enforce an oral contract that would otherwise be subject to the statute of frauds if there has been part performance of the contract by the promisee. In this case, the Broker makes no allegation of part performance. Rather, the Broker alleges that Gemini waived the need for the Broker to render any performance under the Agreement.

## Estoppel

Both *Colonial Ford* and *T. v. T.*, however, do support the Broker's argument that Gemini may be estopped from asserting the defense of the statute of frauds. In *Colonial Ford*, the Virginia Supreme Court stated:

> We reaffirm our holding that one who makes an oral promise and is the sole obligor may be estopped from invoking the defense of the statute of frauds, even though the statute is otherwise applicable.

228 Va. at 676. Similarly, in *T. v. T.*, the Court held:

> [A] party may be estopped by his statements or conduct from pleading the statute of frauds. To establish equitable estoppel, it is not necessary to show actual fraud, but only that the person to be estopped has misled another to his prejudice, or that the innocent party acted in reliance upon the conduct or misstatement by the person to be estopped. Elements necessary to establish equitable estoppel, absent a showing of fraud and deception, are a representation, reliance, a change of position, and detriment.

216 Va. at 872-73 (citations omitted).

In this case, the Amended Motion for Judgment contains allegations which, if proven, would establish equitable estoppel as set forth in *T. v. T.*

Gemini contends that equitable estoppel has no applicability in this law action. Significantly, Gemini cites no authority, from Virginia or elsewhere, in support of that proposition. In *Massachusetts Bonding and Ins. Co. v. Piedmont Serv. Station, Inc.*, 165 Va. 167, 181 S.E. 397 (1935), the Virginia Supreme Court held that "[i]t is well settled that the principles of equitable estoppel are applied in actions at law as well as in suits in equity." 165 Va. at 175. In *Hoge v. Fidelity Loan & Trust Co.*, 103 Va. 1, 48 S.E. 494 (1904), it was stated that "[t]hat the defense of equitable estoppel is as available at common law as in equity is well settled." 103 Va. at 11. The *Hoge* court noted further that:

> Estoppels *in pais* are called equitable estoppels, not because their recognition is peculiar to equitable tribunals, but because they arise upon facts which render their application, in the protection of rights, equitable and just. Courts of equity recognize them in cases of equitable cognizance, but courts of common law just as frequently . . . . [A]nd it is never necessary to go into equity for the mere purpose of obtaining the benefit of an equi-

table estoppel when the case is not otherwise of equitable jurisdiction.

103 Va. at 12-13 (citations omitted).

Gemini next contends that one may not assert equitable estoppel when one has suffered detriment solely for another's failure to perform an oral agreement. *Lance J. Marchiafava, Inc. v. Haft, supra.* In *Marchiafava,* the Fourth Circuit held that "it is well established" that the "doctrine of equitable estoppel does not apply to situations in which the party asserting the estoppel has suffered detriment resulting solely from another party's failure to perform an obligation under an oral agreement." 777 F.2d at 945. *Accord Owens v. Ashland Oil, Inc.,* 708 F. Supp. 757 (W.D. Va. 1989); *Commonwealth Film Processing, Inc. v. Courtaulds United States, Inc.,* 717 F. Supp. 1157 (W.D. Va. 1989). The rationale behind the rule expressed in *Marchiafava* is that the use of the doctrine of equitable estoppel as a bar to the assertion of the defense of the statute of frauds "requires more than one party's mere refusal to perform his agreement because either party has [the] right to refuse to execute [a] parol contract within the statute." 777 F.2d at 945, *citing* Williston on Contracts, § 533A, at p. 806 (3d ed. 1960).

*Marchiafava* cited no Virginia case in support of its holding; it has not been followed by any Virginia appellate court. It was criticized as being contrary to the holding of *T. v. T.* in *Nargi v. Camac Corp.,* 820 F. Supp. 253 (W.D. Va. 1992). In *Nargi,* the Court noted that:

> [T]he modern rule [in *T. v. T.*] does not require a demonstration of fraud or deceit, and the old rule, that equitable estoppel would not lie if the representations concerned a promise to do something in the future, has been abandoned in Virginia.

820 F. Supp. at 256 (citations omitted). The modern rule of equitable estoppel, adopted in Virginia in the case of *T. v. T.,* has been expressed as follows:

> It is not necessary that the representations and conduct should be labelled as fraudulent in a strict legal sense or that they were made or carried out with an intention to mislead the plaintiff . . . . A person is estopped from denying the consequences of his conduct where that conduct has been such to induce another to change his position in good faith or such that a reasonable man would rely upon the representations made.

*United States ex rel. Humble Oil & Ref. Co. v. Fidelity & Casualty Co.*, 402 F.2d 893 (4th Cir. 1968).[6] The language in Williston on Contracts relied upon by the Fourth Circuit in deciding *Marchiafava* appears to revert to the rule since abandoned in Virginia that actual fraud is required before a party may assert equitable estoppel.[7]

I conclude that the case of *Nargi* is better reasoned and more in keeping with the governing Virginia precedent of *T. v. T.* than is *Marchiafava* and those federal cases that have followed *Marchiafava*. Accordingly, I hold that the Broker is entitled to claim that Gemini is equitably estopped from asserting the defense of the statute of frauds. Therefore, the Defendants' plea of the statute of frauds is overruled.

---

[6] Significantly, the case of *Fidelity & Casualty Co.* was cited with approval by the Virginia Supreme Court in *T. v. T., supra*.

[7] Williston states: "Thus in order to justify the exercise of equitable jurisdiction, the *fraud* complained of must be something more than the mere refusal of a party to perform an agreement, since either party has the right to refuse to execute a parol contract within the operation of the statute, and the exercise of that right is *no more a fraud* than a breach of any other contract." Williston on Contracts, *supra*, at 806 (emphasis added).