# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Meriweather Mowing Service, Inc.

v.

St. Anne's-Belfield, Inc.

April 25, 2000

Case No. (Law) 99-251

BY JUDGE EDWARD L. HOGSHIRE

In this breach of contract action, Defendant St. Anne's-Belfield, Inc., d/b/a St. Anne's-Belfield School, ("STAB") has filed a Plea in Bar alleging that the Statute of Frauds prohibits enforcement of the service contract that forms the basis of Plaintiff Meriweather Mowing Services, Inc.'s ("Meriweather") claim. The Plaintiff has requested that the Plea in Bar be dismissed on the grounds that the doctrine of equitable estoppel should prevent the enforcement of the Statute of Frauds in this case. As the Defendant has stipulated to all of the Plaintiff's allegations for the purposes of deciding this Plea and as the Plaintiff has admitted that the oral contract that forms the basis of its claim could not be performed within one year, the Court need only decide whether, as a matter of law, equitable estoppel should bar the application of the Statute of Frauds in this case.

## Facts

For purposes of the resolution of the Defendant's Plea in Bar, the Court takes the following facts alleged by the Plaintiff as true. Plaintiff Meriweather is a professional grounds-keeping service based in Charlottesville, Virginia, which deals primarily with residential customers. Defendant STAB is a private school, serving grades pre-kindergarten through twelve, on two campuses located in Charlottesville and Albemarle County, Virginia. STAB had

contracted out to another grounds-keeping service, Town & Country Services, Inc., ("Town & Country") to maintain a number of its athletic fields and the area surrounding them. STAB became dissatisfied with the rate charged by Town & Country and actively solicited bids from other grounds-keeping services for care of the athletic fields.

Meriweather was contacted and asked to submit a bid in August of 1998. Meriweather declined on the grounds that the work which the fields would require was highly specialized, outside the scope of their usual work, and would require costly equipment which Meriweather did not possess. In September 1998, Meriweather submitted a bid after oral representations were made by STAB at Meriweather's insistence that any contract would be for a term of three years. Meriweather's bid was 40% lower than the standing bid from Town & Country. As such, Meriweather was awarded the contract for care of the athletic fields in October 1998. At no point did the parties enter into a written agreement.

Based upon representations from STAB that a three-year contract had been awarded to them and a belief that they had clearly articulated their acceptance of this oral contract, Meriweather purchased additional equipment at the cost of several thousand dollars specifically for the STAB project. Meriweather also declined to renew two of its existing projects in the belief that the STAB project would prevent adequate performance of those projects.

Between October 1998 and February 1999, Meriweather performed assorted services for STAB, for which Meriweather was compensated and with the quality of which STAB was pleased. In February 1999, Meriweather was notified that Town & Country had been given the opportunity to re-bid on the maintenance of the athletic fields and that their new bid had been accepted. In February 1999, Town & Country resumed care of the fields, and the oral contract with Meriweather was terminated by STAB.

### Question Presented

Should the application of the Statute of Frauds to an oral contract that could not be performed within one year be barred by the doctrine of equitable estoppel based on a misrepresentation by the Defendant as to the duration of the contract?

### Discussion of Authorities

The Statute of Frauds holds that "Unless a promise [or] contract ... is in writing and signed by the party to be charged ... no action shall be brought in

any of the following cases .... 8. Upon any agreement that is not to be performed within a year." Va. Code Ann. § 11-2 (Michie 1999). The oral agreement between Meriweather and STAB was to be performed over a period of three years. The Plaintiffs even admit in their Reply to the Defendant's Plea in Bar that the oral contract *could not be performed within one year*. As such, the oral contract that is the basis of Meriweather's claim clearly falls under the Statute of Frauds. The only issue for this Court to resolve is whether equitable estoppel should bar application of the Statute of Frauds in the case at hand.

The benchmark case in Virginia dealing with the use of equitable estoppel to bar application of the Statute of Frauds is *T. v. T.*, 216 Va. 867 (1976). To establish equitable estoppel, one need only show that the person to be estopped has misled another to his prejudice or that the innocent party relied on the conduct or misstatement of the person to be estopped. *T. v. T.*, 216 Va. at 872-73. This Court must determine whether equitable estoppel may be properly applied in the case at hand. For reasons articulated below, the Court has determined that the application of equitable estoppel in the case at bar would be appropriate.

In determining whether equity should bar the application of the Statute of Frauds, it is necessary to examine the rationale behind the Statute of Frauds itself. The Virginia Supreme Court has stated that "the statute was founded in wisdom and sound policy. Its primary object was to prevent the setting up of pretended agreements and then supporting them by perjury .... It was not intended that the statute should perpetrate frauds." *Reynolds v. Dixon*, 187 Va. 101, 106 (1948). "Because its object is to prevent fraud, it will not be applied when to do so would result in a fraud or perpetrate a wrong." *Troyer v. Troyer*, 231 Va. 90, 94 (1986).

The Plaintiffs have argued that to apply the Statute of Frauds in the case at bar would be to perpetrate just such a wrong. In effect, STAB would be allowed to avoid its responsibilities to Meriweather simply because the otherwise binding oral contract is barred by the Statute of Frauds. In order to prevent this wrong from being perpetrated, the Plaintiffs have asked the court to equitably estop the Defendant from pleading the Statute of Frauds.

Similar to the rationale for having a Statute of Frauds, the doctrine of equitable estoppel exists to prevent wrongs from being perpetrated. The courts of Virginia have stated that "equitable estoppel usually operates as a shield, as opposed to a sword, 'and it does not of itself create a new right or give a cause of action; rather it serves to prevent losses otherwise inescapable and to preserve rights already acquired'." *Bohannon v. Riverton Investment Corp.*, 1993 WL 945938, **4 (Va. Cir. Ct. 1993).

The Defendants have argued that equitable estoppel should not be allowed in the case at bar, as to apply it would be to use it not as a shield, but as a sword to eviscerate the Statute of Frauds. They argue that because the Plaintiff's detriment resulted solely from the Defendant's failure to perform under the alleged oral contract, application of equitable estoppel in such a situation would require enforcement of all breached oral contracts which are contrary to the Statute of Frauds. The Court does not agree.

There are two competing lines of cases that deal with the issue. The Defendants have cited to the first line of cases, which hold that the doctrine of equitable estoppel is inapplicable in such a situation. *See Marchiafava v. Haft*, 777 F.2d 942 (4th Cir. 1985); *Owens v. Ashland Oil, Inc.*, 708 F. Supp. 757 (W.D. Va. 1989); *Commonwealth Film Processing, Inc. v. Courtaulds U.S., Inc.*, 717 F. Supp. 1157 (W.D. Va. 1989). In *Marchiafava*, the Fourth Circuit Court of Appeals stated, seemingly unambiguously, that:

> Virginia recognizes the doctrine of equitable estoppel as a bar to the assertion of a statute of frauds defense. It is well established, however, that the doctrine of equitable estoppel does not apply to situations in which the party asserting the estoppel has suffered detriment resulting solely from another party's failure to perform an obligation under the oral agreement.

777 F.2d at 945 (citations omitted). To support this proposition, however, the *Marchiafava* court relied on *West* Virginia case law, citing to *Cottrell v. Nurnberger*, 131 W. Va. 391, 47 S.E.2d 454 (1948), and *Bennett v. The Charles Corp.*, 159 W. Va. 705, 226 S.E.2d 559 (1976). Two Western District of Virginia decisions, *Owens*, 708 F. Supp. at 759, and *Commonwealth Film Processing*, 717 F. Supp. at 1160, have relied on the decision in *Marchiafava*, but neither court cited to any Virginia case law on point. The *Marchiafava* court also opined, without citing to any Virginia case law, that the rule in Virginia is that some misrepresentation of past or existing fact is required for equitable estoppel to apply. 777 F.2d at 946.

In effect, the rule articulated by the Court in *Marchiafava* is that a misrepresentation of present intention to perform in the future is not sufficient for an application of equitable estoppel; some misrepresentation of past or existing fact is required. A second, more recent line of cases has explicitly rejected this rule. These more recent cases hold that the doctrine may properly be applied when detriment results solely from the defendant's failure to perform under the contract. *See Nargi v. Camac Corp.*, 820 F. Supp. 253 (W.D. Va. 1992); *Tidewater Beverage Services, Inc. v. Coca-Cola Co.*, 907

F. Supp. 943 (E.D. Va. 1995); *Paul Bruce, Inc. v. Gemini Asset Managers*, 35 Va. Cir. 372 (1995). This Court is in agreement with these more recent cases.

In *Nargi*, the Western District of Virginia, in keeping with the Virginia Supreme Court decision in *T. v. T.*, held that "the modern rule [of equitable estoppel] does not require a demonstration of fraud or deceit, and the old rule, that equitable estoppel would not lie if the representations concerned a promise to do something in the future, has been abandoned in Virginia." 802 F. Supp. at 256 (citations omitted). One need demonstrate only (1) a representation; (2) reliance; (3) a change of position; and (4) detriment, for equitable estoppel to apply. *Id.*

The decision in *Nargi* is supported by an Eastern District of Virginia decision, *Tidewater Beverage Services*, 907 F. Supp. at 946. In *Tidewater Beverage*, the Court held that absent a showing of fraud, the four elements originally articulated in *T. v. T.*, of representation, reliance, a change of position, and detriment must be met for equitable estoppel to apply. 907 F. Supp. at 946. In that case, defendant Coca-Cola represented to plaintiff Tidewater that it had no plans to take its service work in house. In reliance upon this, Tidewater spent a great deal of money in capital improvements. Shortly thereafter, Coca-Cola did in fact move its service work in house, leaving Tidewater with expensive equipment it could not use. *Id.* The *Tidewater* court held that this was sufficient for an application of equitable estoppel, even though the only misrepresentation was of a promise not to engage in specific conduct in the future. *Id.*

Virginia circuit courts have not been silent on the issue. Judge Roush in *Bruce*, quoting the Virginia Supreme Court in *Colonial Ford Truck Sale, Inc. v. Schneider*, 228 Va. 671, 676 (1985), held that "one who makes an oral promise and is the sole obligor may be estopped from invoking the defense of the statute of frauds, even though the statute is otherwise applicable." 35 Va. Cir. at 377. The *Bruce* decision went on to re-affirm the four element test for equitable estoppel articulated in *T. v. T.*, explicitly reject the decision of the Fourth Circuit in *Marchiafava*, and embrace the holding in *Nargi*. 35 Va. Cir. at 378. The opinion stated unambiguously that "the case of *Nargi* is better reasoned and more in keeping with the governing Virginia precedent of *T. v. T.* than is *Marchiafava* and those federal cases that have followed *Marchiafava*." 35 Va. Cir. at 372.

Judge Roush has not been alone in her acceptance of the *Nargi* decision and the cases that follow it. Judge Shadrick, in *Guzy v. Hoban*, 43 Va. Cir. 33 (1997), after citing to *Tidewater*, held that equitable estoppel may properly be applied to a future promise. 43 Va. Cir. at 36. In *Guzy*, the defendant represented that, if the plaintiff would take out a mortgage on plaintiff's boat,

he would make the payments on it. The plaintiff relied on this promise of future conduct, took out a mortgage, which changed her position, and suffered financially when the defendant did not make the payments. *Id.* Judge Shadrick decided that based on these facts, the doctrine of equitable estoppel properly precluded a statute of frauds defense. *Id.*

Based on the aforementioned case law, this Court holds that the doctrine of equitable estoppel may properly be applied in the case at bar. In determining whether the requirements for equitable estoppel have been met, the Court will apply the four part test first articulated in *T. v. T.*, 216 Va. at 873, and affirmed in *Nargi*, *Tidewater*, *Bruce*, and *Guzy*.

Taking the facts in a light most favorable to the Plaintiff, the first *T. v. T.* element, that the Defendant make some representation, was met when STAB represented to Meriweather that Meriweather would be employed to maintain the athletic fields for a period of three years. The second *T. v. T.* element, reliance on the aforementioned representation, was met when Meriweather purchased specialized equipment they would not otherwise have purchased and when they turned away clients that they would otherwise have been employed by. The third *T. v. T.* element, a change of position, was met with the purchase of this equipment and the turning away of existing clients. The fourth and final *T. v. T.* element, that the change of position be to the Plaintiff's detriment, was met when the change in position caused Meriweather to suffer financially. All four elements of the *T. v. T.* test have been met by the Plaintiff. Accordingly, Defendant STAB's Plea in Bar of the Statute of Frauds must fail.

For the foregoing reasons, the Court overrules the Defendant STAB's Plea in Bar of the Statute of Frauds.