## HALL v. HALL.

1. FINDINGS OF FACT—ERROR OF LAW.—Where error of law is committed by the Circuit Judge in reaching his conclusions of fact, the general rule as to reversing findings of fact in the court below does not apply.

2. SALE BY MORTGAGOR TO MORTGAGEE—ONUS PROBANDI.—Where a mortgagee takes from his mortgagor a conveyance of the mortgaged land on no other consideration than the mortgage debt, the burden is on the mortgagee, whenever this transaction is assailed in a Court of Equity, to show that his purchase was fairly made, and the deed voluntarily, knowingly, and intelligently given on a separate contract of sale.

Before WITHERSPOON, J., Kershaw, February, 1893.

Action by Louisa Hall against Harrison H. Hall, commenced in July, 1892. The Circuit decree was as follows:

The case was heard upon the pleadings and the evidence taken at the hearing. The plaintiff has failed to sustain the

allegation of fraud, and I find as matter of fact that the defendant did not procure the execution of the deed by the plaintiff by means of misrepresentations or deceit. Both the witnesses to the deed swear that at the time of the execution of the deed the same was read to the plaintiff, and that the defendant was not present when the deed was executed. It is claimed that plaintiff was induced to sign the deed through the importunity and on account of representations therein made to her by her son, Bud Hall, but the evidence does not satisfactorily show that the defendant had knowledge of or authorized the statement made to plaintiff by her said son. If the plaintiff was induced to sign the deed by representations made to her by her son, Bud Hall, and if the defendant had authorized or had knowledge of such statement, it is but natural to conclude that plaintiff's son (who lives in the county) would have been present as a witness to see that justice was done his mother. Bud Hall, plaintiff's son, was not present and did not testify in the case.

A mortgagor by a separate transaction may sell or release his equity of redemption to the mortgagee, but such transactions will be scrutinized by the court to see that no advantage has been taken of the mortgagor. The consideration expressed in the deed is $584.10. The evidence shows that the land is poor, sandy land, the chief value being the pine timber on the land. A railroad has since been constructed in the vicinity of the land, which has enhanced its value. The testimony as to the value of the land in 1880, when conveyed to defendant, is conflicting. The evidence as to the inadequacy in the consideration of the deed is not sufficient to authorize a setting aside of the deed. It is true, that the plaintiff was quite old and illiterate when she executed the deed, but I must find from the evidence, as matter of fact, that the plaintiff voluntarily executed the deed of conveyance, and that at the time she knew the character of the conveyance that she was executing.

The deed was executed by plaintiff to the defendant on the 12th November, 1880. It was probated on the same day, and was duly placed upon record on the 12th day of December, 1880. This action was not commenced by the plaintiff until the *month of July, 1892,* more than eleven years after she exe-

cuted the deed and it was placed upon record, and after plaintiff had surrendered the *possession of the premises.* No attempt is made by the plaintiff to account for her laches in asserting her rights.

I conclude, as matter of law, that the plaintiff is not entitled to relief. It is, therefore, ordered and adjudged, that the plaintiff's complaint be dismissed with costs.

*Messrs A. B. Stuckey* and *J. B. Kershaw,* for appellant.

*Messrs. J. T. Hay* and *W. D. Trantham,* contra.

April 2, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action to have a deed of 484 acres of land declared void and set aside, for alleged imposition, misrepresentations, and fraud, the deed having been made by the plaintiff, a very old lady, being at the time of the trial eighty-two years of age, infirm, illiterate, not being able to write her name, and ignorant of her rights, to the defendant, Harrison H. Hall, her nephew and son-in-law.

The complaint alleged, that in settling the estate of her deceased husband, J. J. Hall, who died intestate, she became indebted to the defendant, H. H. Hall, who was the administrator of the estate, in the sum of $349.70, and to secure the same, gave him a mortgage of the land (484 acres) which had been assigned to her as her part of the lands of her deceased husband, and upon which was her home. This was in 1877; but as soon as the mortgage debt became due (1880), the defendant informed the plaintiff, and made her believe, that her right of redemption under the mortgage was forfeited by reason of the fact that the debt secured thereby was past due, and that he had a right, therefore, to the possession of the land; but if she would sign another paper, she should be allowed time within which to pay the debt. Being thus misled, and not being able to read or write, the plaintiff signed and executed an instrument of writing, which was then and there presented by the defendant, which she has since learned was an absolute deed of conveyance by her to the defendant; that there was no consideration moving between the plaintiff and defendant in the exe-

cution of the said paper other than the mortgage debt and interest, which at that time could not have exceeded the sum of $513, and the said tract of land at that time was reasonably worth the sum of $1,675, &c. The defendant interposed a general denial, and (1) that more than ten years having elapsed since the accrual of any right of action, the plaintiff is barred by the statute of limitations; (2) that more than six years having elapsed, the plaintiff is barred from maintaining any action for rents and profits; and (3) that more than six years having elapsed, the plaintiff is barred from maintaining any action for fraud, as alleged, &c.

The cause came on for trial by his honor, Judge Witherspoon, who heard the testimony, which is all in the record. The defendant himself was not sworn. His honor, in his decree, among other things, said, that "The plaintiff has failed to sustain the allegation of fraud, and I find as matter of fact that the defendant did not procure the execution of the deed by the plaintiff by means of misrepresentations and deceit. * * * It is claimed that plaintiff was induced to sign the deed through the importunity and on account of representations therein made to her by her son, called Bud Hall; but the evidence does not satisfactorily show that the defendant had knowledge of, or authorized, the statements made to plaintiff by her said son," &c.; and he dismissed the complaint. From this decree, the plaintiff, after being refused a new trial on the grounds of "surprise" and "after-discovered evidence," appeals to this court upon numerous exceptions, which are all printed in the "Case;" but from the view which the court takes, it will not be necessary or proper to consider any of them except those numbered 1, 3, and 4, which substantially make but a single point, viz: "Upon whom rests the burden of proof, that the purchase of the equity of redemption by the mortgagee from the mortgagor was a fair transaction for a sufficient consideration?"

The decree itself shows, not only the findings of fact by the Circuit Judge, but, also, that in making them, he considered the burden of proof as being upon the plaintiff, for the reason, as we suppose, that the general rule is, that the burden is upon *the actor*, who is usually the plaintiff. It

is the well settled rule of this court not to disturb findings of fact by the Circuit Judge, unless they are manifestly against the weight of the testimony. But that rule does not apply to cases where, in reaching the findings, there was a mistake as to the *onus probandi*. In such cases error of law enters into the findings, and they may be reviewed as errors of law. See the case of *Johnson* v. *Clarke*, 15 S. C., 72, where it was held, that even the concurrent findings of fact by referee and Circuit Judge may be set aside, it appearing that error of law was committed in improperly imposing upon the plaintiff the burden of proof, which should have been placed upon the defendant.

Now, this case was one between mortgagor and mortgagee. In such case the mortgagee has a position of influence and power in respect to the mortgagor, especially after condition broken. Under our law, even after the debt is due, the mortgage of land is still but security for the debt, and the mortgagee has duties to perform somewhat in the nature of a *quasi trustee*. He cannot take possession of the land without foreclosure or an open public sale, and any such agreement inserted in the mortgage itself will be held void, as being contrary to the very nature of a mortgage. It is true, that a new and independent agreement between the parties, made subsequently to the execution of the mortgage, for a release of the equity of redemption, if made between competent parties, "fairly and for a valuable consideration," will be sustained. But the Court of Equity scrutinizes transactions of that character very narrowly, and, to be sustained, it must appear that the dealing stands disconnected from the original mortgage contract; and, moreover, that it is in all respects fair, and most especially in a case where the party at disadvantage, the mortgagor, is a very old, feeble, and illiterate lady. See *Russell* v. *Southard*, 12 How., 139; *Robinson* v. *Amateur Association*, 14 S. C., 152; *Brownlee* v. *Martin*, 21 *Id.*, 400; *Banker* v. *Hendricks*, 24 *Id.*, 1; and Jones Mort., § 711.

Now, here the defendant was the mortgagee, and obtained a conveyance of the equity of redemption from the feeble old lady, the mortgagor, without paying anything more for the land than the satisfaction of the old debt secured by mortgage.

We think *it was incumbent upon the defendant* to make it plain that said conveyance of the equity of redemption, was *fairly and voluntarily given*, upon a separate and independent contract of sale, *disconnected* from the mortgage contract; and that the plaintiff knew the character and effect of the paper she signed, and signed it voluntarily and intelligently. As the case has to go back to the Circuit, we think nothing further should be said now which might seem to prejudge or prejudice it; and, therefore, we will not undertake to express any opinion upon the merits.

The judgment of this court is, that the judgment of the Circuit Court be set aside without prejudice, and that the cause be remanded to the Circuit Court for a new trial, according to the conclusions herein announced.