**OWEN et ux.**

**v.**

**COMMERCIAL UNION FIRE INS. CO. OF NEW YORK.**

**No. 6606.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 13, 1954.

Decided March 10, 1954.

J. Wallace Bryan, Baltimore, Md. (E. Milton Altfeld, Baltimore, Md., on brief), for appellants.

Charles Markell, Jr., Baltimore, Md. (Hilary W. Gans, Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

█ This is an appeal by plaintiff in a fire insurance case, heard by the trial judge without a jury and decided in favor of defendant on the ground that plaintiff had violated the policy provision against fraud and false swearing. The trial judge held that the burden of proof rested upon the plaintiff "to prove, by the weight of the credible evidence, that he has not been guilty of wilfully concealing or misrepresenting any material fact or circumstance". This was clearly erroneous. The burden of proof rested upon the defendant to establish the fraud alleged. United States Fire Ins. Co. v. Merrick, 171 Md. 476, 190 A. 335; Imperial Assur. Co. v. Joseph Supornick & Son, 8 Cir., 184 F.2d 930; Benanti v. Delaware Ins. Co., 86 Conn. 15, 84 A. 109, Ann.Cas.1913D, 826 and note; 29 Am.Jur. p. 1078–1079. And we think that the error is of such a nature that we should vacate the judgment and remand the case for further hear-ing. The rule that an appellate court will not disturb findings of fact made by the trial judge unless they are clearly erroneous does not apply if he has committed an error of law which has manifestly influenced or controlled his findings of fact, such as mistake as to the burden of proof. 3 Am.Jur. p. 472; Hall v. Hall, 41 S.C. 163, 19 S.E. 305, 44 Am.St.Rep. 696; Chase v. Woodruff, 133 Wis. 555, 113 N.W. 973, 126 Am.St.Rep. 972. While we might pass upon the facts ourselves without giving weight to the findings of the lower court in view of his error as to the burden of proof, we think it better, in view of the highly controversial character of some of the questions involved, that they be passed upon in the first instance by the court that has had the advantage of seeing and hearing the witnesses.

█ We think, also, that no sufficient findings of fact have been made by the trial judge to constitute the basis of adequate review. He merely states generally in his oral opinion that the plaintiff did not tell the truth with respect to certain matters, without finding what false statements were made by plaintiff, when they were made, wherein they were material or in what respect they were false. The omission to make specific findings was not alleviated in any way by the record; for the allegation of fraud and false swearing was in the most general terms without any specific designation in the pleadings or otherwise of what representations were claimed to constitute a violation of the policy provision, or wherein they were claimed to be false and material. This was clearly a violation of rule 9(b) of the Rules of Civil Procedure which provides that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". The circumstances constituting fraud or false swearing were not alleged in the pleadings nor were they set forth in the opinion of the court.

The judgment appealed from will accordingly be vacated and the case will be remanded with direction to the court

below to require the defendant to specify the false and fraudulent statements upon which it relies for the avoidance of the policy, to allow the parties to produce such additional testimony as they may desire and then to find the facts specifically and enter judgment thereon in the light of the rule that the burden of proof rests upon the defendant to establish the fraud and false swearing upon which it relies.

Judgment vacated and case remanded