Sally M. OWENS, Plaintiff,

v.

ASHLAND OIL, INC., Defendant.

Civ. A. No. 84–0470–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

March 8, 1989.

Lanier Woodrum, Woodward, Fox, Wooten & Hart, Roanoke, Va., for plaintiff.

W. Fain Rutherford, Woods, Rogers & Hazlegrove, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This action was originally filed on March 6, 1984 in the Circuit Court for the City of Roanoke, and was removed to this Court on April 9, 1984. The complaint consists of two separate and well-defined counts, one for breach of contract and one for intentional infliction of emotional distress. During a hearing in the case, counsel for the plaintiff expressed his belief that the complaint could also be construed as alleging fraud. Following extensive discovery, defendant moved for partial summary judgment on the contract claim, for summary judgment on the intentional infliction of emotional distress claim, and to dismiss any alleged fraud claim. The parties have submitted briefs with supporting exhibits, the Court has heard oral argument, and the motion is ripe for decision.

## STATEMENT OF FACTS

Plaintiff was initially employed by the defendant in 1977. In late 1980 or early 1981, plaintiff was approached concerning the possibility of a transfer to Roanoke, Virginia. The plaintiff was offered a position with Ashland Development Company as Treasurer of Datacare, Inc., which was at that time a wholly-owned subsidiary of the defendant. Plaintiff began performing her duties in Roanoke in June 1981. Her job title was Treasurer of Datacare, she was an officer in that corporation, and she received a ten thousand dollar per year increase in salary.

On or about April 15, 1983, the defendant reduced its stock holdings in Datacare from one hundred percent to less than fifty percent. Following this divestiture of Datacare stock, the applicable provisions of the Employee Retirement Income Security Act (ERISA) indicated that the defendant's continuing to pay the plaintiff as an Ashland employee while she was functioning as the Treasurer of Datacare could jeopardize the defendant's entire retirement plan. Consequently, in May 1983 plaintiff was offered the opportunity to continue as Treasurer of Datacare as a Datacare employee. The salary for the position was forty thousand dollars per year, an annual increase of four thousand dollars. At the time, plaintiff neither accepted nor rejected the offer.

On August 5, 1983, plaintiff suffered a pneumothorax for which she was hospitalized. Plaintiff was placed on sick leave until her replacement at Datacare arrived. Her employment was terminated on January 15, 1984. Plaintiff never returned to the labor force in any capacity and was declared by the Social Security Administration to have been disabled since August 1983.

## ALLEGED FRAUD CLAIM

As discussed above, the complaint in this case contains two separate and distinct causes of action. Count I of the complaint alleges breach of contract and Count II of the complaint alleges intentional infliction of emotional distress. Notwithstanding this concise organization and division of claims, plaintiff's counsel argues that the complaint could be construed as also containing a fraud count. Nowhere in the pleading, however, is there the slightest hint that a fraud claim is contained therein.

Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud must be pled with specificity. The plaintiff's complaint, at best, alleges that defendant made certain "promises" which it later failed to fulfill. An essential element of fraud is a misrepresentation, and a promise is not a misrepresentation. *DeJarnette v. Thomas M. Brooks Lumber Co.*, 199 Va. 18, 97 S.E.2d 750 (1957). Equally fatal to plaintiff's argument, the complaint fails completely to contain allegations with the required degree of specificity regarding any of the circumstances of any alleged fraud. This is a clear violation of Rule 9. *See Owen v. Commercial Union Fire Ins. Co. of New York*, 211 F.2d 488 (4th Cir.1954).

In support of her claim that she has alleged a fraud count, plaintiff relies of two paragraphs from Count I and one paragraph from Count II. These paragraphs state the following:

Plaintiff and Defendant entered into an agreement to be performed in Roanoke,

Virginia, with Defendant making certain promises regarding plaintiff's employment position, compensation, and benefits.

In reliance on Defendant's promises, the plaintiff was wrongfully induced to move from Ashland, Kentucky to Roanoke, Virginia.

The Defendant's behavior in failing to perform under its agreement and in refusing to remedy its non-performance ... was an egregious and intentional infliction of harm on the plaintiff.

The two paragraphs from Count I deal clearly with an alleged agreement and with promises that plaintiff alleges were made to get her to move to Roanoke. The paragraph from Count II merely alleges that the defendant acted intentionally in failing to perform under its alleged agreement. These allegations fail completely to state a cause of action for fraud.

Plaintiff failed to allege fraud in her complaint and cannot at this point, five years later, create a fraud count that has not been pleaded. Consequently, plaintiff's argument that her complaint contains a claim for fraud must be rejected and any fraud claim that plaintiff alleges exists must be DISMISSED.

## BREACH OF CONTRACT CLAIM

■ Plaintiff claims, and defendant denies, that she and the defendant entered into a five year employment contract which included a number of benefits. Plaintiff admits that she does not have a formal written contract with the defendant, and defendant asserts that any five year contract which plaintiff alleges would be unenforceable under the statute of frauds. The Virginia Statute of Frauds, Va.Code § 11–2(7) provides that "No action shall be brought ... Upon any agreement that is not to be performed within a year ... Unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby." Employment contracts for more than one year fall squarely within this section and must be in writing to be enforceable. *Haigh v. Matsushita Electric Corp. of America,* 676 F.Supp. 1332 (E.D. Va.1987).

■ Initially, the plaintiff claims that the defendant should be estopped to assert the statute of frauds because of its own fraud. The doctrine of equitable estoppel is inapplicable where, as here, the plaintiff's detriment results solely from the defendant's failure to perform under the alleged oral contract. *See Lance J. Marchiafava, Inc. v. Haft,* 777 F.2d 942 (4th Cir.1985). Consequently, this argument must fail.

■ Secondly, plaintiff argues that certain documents, when taken together, constitute a sufficient memorandum to satisfy the statute of frauds. In order to overcome the statute of frauds, the memorandum must accurately state the essential terms of a valid oral agreement. *Drake v. Livesay,* 231 Va. 117, 341 S.E.2d 186 (1986). The documents relied on by the plaintiff, however, fail to meet this standard. Plaintiff argues that she was eligible to participate in Datacare's incentive compensation plan which provides for payments from the bonus plan at the end of five years. The document states clearly, however, that to participate in any eventual distribution, an employee must "(i) remain in the employ of the Company continuously throughout the period of time commencing on the effective date of [the] Plan and ending on the end of the Fifth Year or (ii) [terminate] employment with the Company prior to the end of the Fifth Year solely because of such employee's death or permanent and total disability." The Plan further provides that any employee whose employment terminates before the end of the Fifth Year forfeits any right to payments. This document fails to support plaintiff's contention that she had a five year contract with the defendant. Indeed, this document specifically contemplates employees being terminated prior to the end of five years.

Plaintiff also relies on a December 1981 memorandum from the president of the Ashland Development Company stating that plaintiff would be entitled to Datacare benefits and a December 1981 memoran-

dum from an agent of the defendant summarizing plaintiff's contentions regarding the alleged contract. At the hearing on the defendant's motion for partial summary judgment, counsel for the plaintiff read from a third memorandum which is another summary of a conversation with the plaintiff regarding her claims. These memoranda also fail to substantiate plaintiff's claim of a five year employment contract. Plaintiff clearly cannot rely on written summaries of her own allegations as evidence that the allegations are true.

None of the documents cited by the plaintiff give any indication that she had a five year employment contract with the defendant. Consequently, the statute of frauds applies and any such contract would be unenforceable. Defendant's motion for partial summary judgment on the contract claim must be GRANTED.

■ The Court notes that the motion is only for partial summary judgment. Certain allegations in Count I deal with what has been referred to as the "Lexington Group Move Benefits." These were benefits that were to be provided upon the plaintiff's move to Roanoke, which was to occur within the year. Therefore, an action to enforce the alleged contract to provide the "Lexington Group Move Benefits" would not be precluded by the statute of frauds and is not the subject of the defendant's motion.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ Count II of plaintiff's complaint alleges that the defendant's failure to abide by its promises to her and its subsequent decision to terminate her constitute intentional infliction of emotional distress. In order to establish a claim for intentional infliction of emotional distress, the plaintiff must prove the following: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's wrongful conduct caused emotional distress; and (4) the emotional distress was severe. *Womack v. Eldridge*, 215 Va. 338, 210 S.E. 2d 145 (1974).

To meet the second requirement, that the conduct is extreme and outrageous, an employee must show that an employer's conduct was so outrageous in character, and so extreme in degree, as to be beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Restatement (2d) of Torts* § 46d (1977). It is for the Court to determine initially whether the conduct may reasonably be regarded as sufficiently extreme and outrageous. *Womack*, 215 Va. at 342, 210 S.E.2d 145. The Court finds without hesitation that the defendant's conduct as described by the plaintiff is neither extreme nor outrageous. It is undisputed that the requirements of ERISA precluded plaintiff from continuing to act as Treasurer of Datacare while remaining on the defendant's payroll. It is undisputed that the defendant offered plaintiff a position with Datacare with a four thousand dollar per year increase in salary. Only when plaintiff failed to respond to this offer did Datacare seek to fill the position with someone else and to terminate plaintiff's employment. This conduct does not even approach behavior which exceeds all bounds of decency and is intolerable in a civilized community. As a result, plaintiff cannot meet the second requirement for a claim of intentional infliction of emotional distress and, as a matter of law, defendant's motion for summary judgment on Count II must be GRANTED.

■ Defendant has also asserted that the plaintiff's claim for intentional infliction of emotional distress is barred by the exclusivity provision of the Virginia Workers' Compensation Act, Va.Code § 65.1-1 *et seq*. While the Court's holding that the defendant's conduct was not sufficiently extreme and outrageous makes it unnecessary that this argument be addressed, the Court would follow that line of authority which holds that the worker's compensation bar would apply to claims of intentional infliction of emotional distress occurring in the workplace.

## CONCLUSION

Based upon the foregoing, the defendant's motion for partial summary judg-

ment should be granted. The case shall proceed on the plaintiff's cause of action for breach of contract with reference to the "Lexington Group Move Benefits." An appropriate order consistent with this memorandum opinion shall be entered this day.

## ORDER

In accordance with the memorandum opinion filed this day, it is hereby

## ADJUDGED AND ORDERED

that the defendant's motion for partial summary judgment as to Count I of the complaint and for summary judgment as to Count II of the complaint shall be and hereby is GRANTED.

IT IS FURTHER ORDERED that any alleged cause of action for fraud has not been pleaded in accordance with Rule 9 of the Federal Rules of Civil Procedure and is DISMISSED.

The Clerk of Court is directed to send certified copies of this order to counsel of record.