**Lodiller STYLES, Respondent,**

v.

**STATE of Missouri, Appellant.**

No. 75880.

Supreme Court of Missouri,
En Banc.

May 26, 1994.

As Modified on Denial of Rehearing
June 21, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen King Mitchell, Barbara J. Wood, Asst. Attys. Gen., Jefferson City, for appellant.

Sue Crane–Holiman, Sp. Public Defender, Fulton, for respondent.

PRICE, Judge.

Lodiller Styles was found not guilty by reason of insanity of the crime of sodomy in

1988. On April 5, 1993, the trial court sustained his request for conditional release, finding § 552.040.11, RSMo Supp.1992, unconstitutional in light of *Foucha v. Louisiana*, —— U.S. ——, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). The state appeals this decision. In *State v. Tooley*, 875 S.W.2d 110 (Mo. banc 1994), this Court found that it is constitutionally permissible for § 552.040.-6(6), RSMo Supp.1992, which contains language parallel to that in § 552.040.11, to place the burden of proof[1] upon the person seeking release. Thus, we remand for determination in accordance with the statute.

On October 4, 1988, Lodiller Styles was found not guilty by reason of mental disease or defect of the felonies of sodomy, kidnapping, and two counts of armed criminal action. Under § 552.030, RSMo 1986, Styles was committed to the Director of the Missouri Department of Mental Health for care, custody, and treatment.

On August 21, 1991, Styles filed an amended application for conditional release in the Probate Division of the Callaway County Circuit Court. Court-appointed counsel filed another amended application on September 13, 1991. On September 30, 1991, a hearing was conducted before The Honorable Patrick Horner in the Probate Division of the Callaway County Circuit Court.

On September 30, 1991, the court denied Styles' amended application for release. On July 7, 1992, however, the western district court of appeals reversed that decision in light of *Foucha v. Louisiana*, —— U.S. ——, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992), and remanded for a determination whether Styles was suffering from a mental disease or defect. *Styles v. State*, 838 S.W.2d 10 (Mo. App.1992).

On March 16, 1993, the circuit court held a second hearing in accordance with the western district decision. Both Styles and the state presented additional evidence on the issue of whether Styles was suffering from a mental disease or defect at the time of the second hearing.

The court interpreted *Foucha* as holding that the burden of proof was upon the state to prove by clear and convincing evidence that the committed person was mentally ill and dangerous.[2] The court stated that, while it recognized that the conclusion was contrary to the provisions of § 552.040.11, it felt compelled to follow *Foucha*. Thus, we infer that the court placed the burden of proof on the state. After weighing the evidence, the court found that Styles was not suffering from a mental disease or defect, that he was not likely to commit another violent crime, and that he was aware of the nature of the crime he committed and presently had the capacity to appreciate the criminality of his acts and to conform his future conduct to the requirements of the law. Consequently, the court sustained Styles' amended application for conditional release on April 5, 1993.

On May 3, 1993, the state filed a motion to stay the order pending appeal. On May 12, 1993, the motion was overruled. Thus, we assume Styles currently is conditionally released to his sister, Rowena Greer, in Kansas City.

■ As this case concerns the validity of a statute of this state, this Court has exclusive jurisdiction. *Mo. const. art. V, § 3.* Before this Court, the state raises two arguments: first, that the trial court erred in placing the burden of proof upon the state; and second, that there was insufficient evidence to support the trial court's findings.

■ The state asserts that the trial court erred in finding § 552.040.11 unconstitutional for placing the burden of persuasion upon the person seeking release. Section 552.040.11 states, in relevant part:

> The burden of persuasion for any person committed to a mental health facility under the provisions of this section upon acquittal on the grounds of mental disease or defect excluding responsibility for a violent crime against another person for violations of

---

1. The terms "burden of proof" and "burden of persuasion" are technically different. Any such difference is not of consequence to the issue presented here, and we have used the terms interchangeably in this decision and in *Tooley*.

2. In *State v. Tooley*, 875 S.W.2d 110, 112–113 (Mo. banc 1994) this Court explained that *Foucha's* holding was more narrow.

[sections omitted][3], shall be on the party seeking release to prove by clear and convincing evidence that the person for whom release is sought is not likely to be dangerous to others while on conditional release.

In *State v. Tooley,* this Court found that § 552.040.6(6)[4] could constitutionally place the burden upon an insanity acquittee seeking release to prove that he or she is no longer suffering from a mental disease or defect rendering him or her dangerous to the safety of self or others. Here, as in *Tooley,* there was no prior determination that Styles no longer was mentally ill.[5]

Here, § 552.040.11 requires the person seeking conditional release to prove by clear and convincing evidence that he or she is not likely to be dangerous to others. Because the state has not conceded that Styles would not be dangerous on conditional release, *Foucha* does not apply. *See generally Tooley,* 875 S.W.2d at 113. Therefore, the burden of proof did not shift to the state under *Foucha,* but instead remained upon Styles in accordance with § 552.040.11. *Id.; see also Jones v. United States,* 463 U.S. 354, 366, 103 S.Ct. 3043, 3050–51, 77 L.Ed.2d 694 (1983). Given the trial court's express reliance on *Foucha,* we must assume that the trial court's finding that Styles is not "suffering from a mental disease or defect" and that he "is not now and is not likely in the future to commit another violent crime against another person" was based on the state's failure to meet its burden of proof. The trial court erred in placing this burden upon the state.

 An erroneous declaration of the law by the trial court is grounds for appellate reversal. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Where an error of law has "manifestly influenced or controlled" findings of fact, as with a mistake as to the burden of proof, reversal and remand for rehearing is appropriate. *Owen v. Commer-*

*cial Union Fire Insurance Co. of New York,* 211 F.2d 488, 489 (4th Cir.1954); *see also Hall v. Hall,* 41 S.C. 163, 19 S.E. 305, 306–07 (1894); *Chase v. Woodruff,* 133 Wis. 555, 113 N.W. 973, 974–75 (1907). Consequently, the judgment is reversed and the cause remanded for further proceedings consistent with this decision.[6]

All concur.

---

3. Two of the crimes of which Styles was acquitted, sodomy and kidnapping, were violations of statutory provisions enumerated in the section as violent crimes against other persons.

4. Section 552.040.6 lists the factors the court shall consider at a hearing for unconditional release.

5. The trial court's determination of this fact was *after* hearing; in *Foucha,* it was acknowledged by the state *before* the hearing.

6. The state also asserts that the trial court erred in granting Styles' petition for conditional release because there was insufficient evidence to support the court's findings. Because we reverse on the first point, we do not reach this issue.