Beatrice C. **WOODY** and Jolly William **Woody, Plaintiffs,**

v.

Robert (Bob) **WALTERS, Individually and in his capacity as ERISA fiduciary; Thomasville Upholstery, Inc.'s Medical Benefits Plan; Dave Masters, Individually and in his capacity as ERISA fiduciary; Thomasville Upholstery, Inc., Severance Pay Plan for Salaried Employees of Thomasville Furniture, Inc.; and Sharon Bosworth, Defendants.**

No. 5:97CV165.

United States District Court, W.D. North Carolina, Statesville Division.

March 30, 1999.

Mary F. Pyron, Hickory, NC, for plaintiffs.

Richard L. Rainey, Patricia E. Dowds, Womble, Carlyle, Sandridge & Rice, Win-

ston–Salem, NC, for all defendants except Sharon Bosworth.

Warren A. Hutton, Hickory, NC, for defendant Sharon Bosworth.

### MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on motions for summary judgment filed by the Defendants pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the Court allows the Defendants' motions, and dismisses the Plaintiffs' complaint in its entirety.

### I. STATEMENT OF FACTS

Beatrice C. Woody was employed by Defendant Thomasville Upholstery, Inc. (hereinafter "Thomasville"), and its predecessor company for approximately ten years, beginning in 1984. *See* **Affidavit of Richard O. Millen, dated January 28, 1999,** *attached to* **Defendants' (excepting Sharon Bosworth) Motion for Summary Judgment (hereinafter "Millen Affidavit") at 1;** *see also* **Exhibit 5, Letter of Beatrice C. Woody, dated July 14, 1994,** *attached to* **Deposition of Beatrice C. Woody, submitted in support of Defendants' Motion (hereinafter, "Woody Letter of 7–14–94"); Woody Deposition at 44, lines 10–16.** The Plaintiff was a participant in the Defendants' "Group Comprehensive Medical Benefits Plan" and the Defendants' "Severance Plan." **Millen Affidavit, at 1–2.**

On June 22, 1994, the Defendant Walters verbally informed the Plaintiff that her current position was being eliminated, and that she had three options as to her future employment with Thomasville. **Woody Letter of 7–14–94.** Those three options were: 1) take an immediate severance package of 9.75 weeks' pay, or 2) remain with the company for another 60 days, and if no other position was obtained within the company during that period, take a severance package at that time of 10 weeks' pay; or 3) interview for another

position then available with Thomasville. *Id.; see also* **Exhibit 2, Letter of Robert Walters, dated June 30, 1994,** *attached to* **Woody Deposition, submitted in support of Defendants' Motion (hereinafter "Walters Letter of 6–30–94").** The Plaintiff informed Walters she was not interested in exercising Option 3, and sought information as to Options 1 and 2. *See* **Exhibit 1, Letter of Beatrice C. Woody, dated June 27, 1994** *attached to* **Woody Deposition, submitted in support of Defendants' Motion (hereinafter "Woody Letter of 6–27–94").** Walters explained the two options remaining and also informed the Plaintiff that she was fully vested in the Thomasville's retirement plan and was eligible for medical and dental insurance coverage through COBRA [Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161]. **Walters Letter of 6–30–94.**

Sometime in early July 1994, Thomasville received a statement from Plaintiff's physician, Patricia Hill, M.D., that the Plaintiff had been admitted to an area hospital to receive psychiatric treatment. **Exhibit 3, Letter of Dave Masters, dated July 11, 1994** *attached to* **Woody Deposition submitted in support of Defendants' Motion (hereinafter "Masters Letter of 7–11–94").** Dr. Hill informed the Defendants that the Plaintiff should be able to return to work by August 31, 1994. **Exhibit 4, Letter of Patricia K. Hill, M.D., dated July 12, 1994** *attached to* **Woody Deposition submitted in support of Defendants' Motion.**

On July 14, 1994, the Plaintiff wrote a letter to Mr. George Lorch, President of Armstrong World Industries, Thomasville's parent company, complaining of her treatment by Defendants Bosworth, Walters, and Masters, and of the elimination of her position by Thomasville. **Woody Letter of 7–14–94.** The Plaintiff demanded, *inter alia,* in excess of $750,000 in settlement of her complaints. *Id.* In response to this letter, Dave Masters met with the Plaintiff to discuss her complaints and her

options with Thomasville. **Deposition of Dave Masters, at 29, lines 20–25; Woody Deposition, at 44, lines 10–16.** In this meeting, and in the letter to George Lorch, the Plaintiff indicated that she was unwilling to perform any further work for Thomasville. **Woody Deposition, at 44, lines 10–16; Woody Letter of 7–14–94; Masters Deposition, at 29, lines 20–25.** Thus, the Plaintiff rejected Option 2, remaining with Thomasville for 60 days to seek another position within the company, and thereby the only option remaining was that of immediate termination with a severance package of 9.75 weeks' pay. **Walters Letter of 6–30–94; Woody Deposition, at 44, lines 10–16; Woody Letter of 7–14–94; Masters Deposition, at 29, lines 20–25.**

By letter dated August 11, 1994, Defendants responded to the Plaintiff's acts and complaints expressed in her letter of July 14, 1994, and in her meeting with Dave Masters. **Exhibit 6, Letter of Dave Masters, dated August 11, 1994,** *attached to* **Woody Deposition submitted in support of Defendants' Motion (hereinafter "Masters Letter of 8–11–94").** The letter informed Plaintiff that because her position was eliminated, and despite the limitation of only 9.75 weeks' pay upon immediate termination under the terms of the severance plan of the company, the Plaintiff would be given full pay until the end of the calendar year to help with her transition. *Id.* Based on a final employment date of August 31, 1994, this was approximately 16 weeks of severance pay. The Defendants also informed the Plaintiff that her medical coverage would remain in effect until the end of the year, and that after that time she would be eligible for continued coverage under COBRA or under her spouse's policy with Thomasville, as he remained in the Defendants' employ. *Id.;* **Woody Deposition.** The Plaintiff chose to continue coverage under her spouse's family policy. *Id.,* **at 49, lines 8–10.**

In December 1994, the Plaintiff applied for long-term disability benefits from Thomasville, which she was awarded in February 1995. **Millen Affidavit, at 4.** In June 1998 at the Plaintiff's request and pursuant to the disability provision of the Defendants' Medical Benefit Plan, Beatrice Woody became the primary policy holder of an employee-and-child medical insurance policy, while her spouse maintained an individual employee-only policy for himself. *Id.,* **at 1–2.** There was never any gap in or lack of medical coverage of the Plaintiff under Thomasville's plan. *Id.* The Plaintiff never requested, nor was ever denied, any benefits under the Defendants' severance pay plan. **Woody Deposition, at 54, lines 19–25; 55, line 1; Millen Affidavit, at 3.**

## II. PROCEDURAL HISTORY

The Plaintiffs initially filed this action in the Superior Court for Catawba County, North Carolina, on September 17, 1997, alleging several state law causes of action against the Defendants, and a claim for relief under Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* The case was removed to this Court by the Defendants on October 20, 1997. Jurisdiction was asserted under 28 U.S.C. § 1331 (federal question jurisdiction), pursuant to 28 U.S.C. § 1441 (removal of actions within federal jurisdiction to federal court). The Defendants moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), (lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted), to which the Plaintiffs timely responded. The Defendants' motion and Plaintiffs' response were referred to the Magistrate Judge H. Brent McKnight. Judge McKnight issued a Memorandum and Recommendation that the Plaintiffs' state law claims should in large part be dismissed for failure to state a claim, but that the ERISA claims, portions of the state-law breach-of-contract claim, and the loss of consortium claim, remained viable at that point in the litigation. **Memoran-**

dum and Recommendations, filed February 5, 1998. The Plaintiffs filed timely objections to the Magistrate Judge's Memorandum and Recommendations, and the Defendants responded thereto.

By Order of this Court, the Plaintiffs' Claims IV (interference with contract and prospective economic advantage against Defendant Masters) and VIII (unfair and deceptive trade practices), were dismissed without prejudice as preempted by ERISA. Claims I (conspiracy), II (breach of contract), III (interference with prospective advantage against Defendant Walters), V (fraud/misrepresentation against Defendant Walters), VII (wrongful discharge), and IX (loss of consortium), were all remanded to the state court, leaving only Claim VI (ERISA-fraud/interference with benefits), for disposition by this Court. **Memorandum and Order, filed September 3, 1998.**

The Defendants subsequently filed timely answers to the complaint, and moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## III. STANDARD OF REVIEW

Summary judgment is appropriate if there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue of material fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Defendants, as the moving·parties, have an initial burden to show a lack of evidence to support Plaintiffs' case. *Id.* If this showing is made, the burden then shifts to the Plaintiffs who must convince the Court that a triable issue does in fact exist. *Id.* Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiffs]." *Id.*

The Court looks to the record to determine the facts of the case; in considering the Defendants' motions, the Court must view the pleadings and materials presented in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Therefore, this Court will examine the full record in the light most favorable to the nonmovants, the Plaintiffs, to determine the existence of any issue of material fact.

## IV. DISCUSSION

The Court notes as an initial matter that the Plaintiffs have not responded to the Defendants' motions. While the Court will not enter judgment for the Defendants unless otherwise appropriate, the Court is confined to the information in the record. *See* Fed.R.Civ.P. 56.

The Defendants assert, among other grounds, that the Plaintiffs' claims are barred as untimely under the applicable statute of limitations. Because the resolution of this issue alone can resolve the matters before the Court, the Court will address the timeliness of the Plaintiffs' claims first.

## A. Plaintiffs' Claims under 29 U.S.C. § 1132

The Plaintiffs make the following claims under § 1132 of ERISA: 1) the Defendants refused to pay the Plaintiff Beatrice C. Woody severance benefits as required under the statute, and 2) the Defendants similarly refused to pay the Plaintiff medical insurance benefits as required.

ERISA provides no explicit limitations period for a private cause of action for the recovery of plan benefits under § 1132; thus this Court, as well as the Fourth Circuit, rules that the applicable state statute for a breach of contract action applies. *Rodriguez v. MEBA Pension Trust,* 872 F.2d 69, 73 n. 1 (4th Cir. 1989); **see also,** *Wise v. Dallas & Mavis Forwarding Co.,* 753 F.Supp. 601, 606

(W.D.N.C.1991); *United Food & Commercial Workers Local 204 v. Harris–Teeter Super Markets, Inc.*, 716 F.Supp. 1551, 1560 (W.D.N.C.1989). North Carolina, the forum state for this action, has a three-year statute of limitations for breach of contract actions. *See* N.C.Gen.Stat. § 1–52(1). The issue of when a cause of action accrues, though, is determined by federal law. *Blanck v. McKeen*, 707 F.2d 817, 819 (4th Cir.1983). In ERISA actions under § 1132, the cause of action accrues at the time a plaintiff's claim for benefits was formally denied by a defendant. *Rodriguez*, 872 F.2d at 72. In a case where no formal claim was made, the cause of action accrues when a plaintiff should have become aware as to whether or not they would be entitled to benefits. *Cotter v. Eastern Conf. Of Teamsters Retirement Plan*, 898 F.2d 424, 428–29 (4th Cir.1990); *see also, Wise*, 753 F.Supp. at 607.

■ In this case, the Plaintiff never made a formal request for benefits, either medical insurance or severance pay, from the Defendants. **Woody Deposition, at 54–56; Millen Affidavit, at 3.** Thus, there was never a formal denial. *Id.* Therefore, the Plaintiff's cause of action accrued when she should have become aware as to whether or not she would be entitled to benefits. *Cotter*, 898 F.2d at 428–29. The latest date at which it should have been clear to the Plaintiff that her employment with Thomasville was terminated would have been August 11, 1994, by the letter of Dave Masters. This letter informed her that the complaints she made in her July 14, 1994, letter to George Lorch, and in her subsequent meeting with Masters, had been investigated and found to be without merit. Also, that as she had made it clear that she no longer wished to work at Thomasville, she would be given severance

pay benefits until December 31, 1994. Accordingly, her own employee medical coverage would continue until that date, and that after December 31, 1994, she could continue medical coverage under her husband's employee policy or COBRA. *See* **Masters Letter of 8–11–94; Woody Letter of 7–14–94; Woody Deposition, at 44.** Thus, this letter made clear that the Plaintiff was entitled to benefits and outlined those that she would receive.[1] Therefore, the Plaintiff's cause of action accrued at the latest on August 11, 1994.

As the applicable statute of limitations for § 1132 actions in North Carolina is three years, the Plaintiff's claim must have been filed by August 11, 1997, to be timely. The Plaintiff's complaint was not filed until September 17, 1997. Thus, the Plaintiff's claims under § 1132 are time-barred, and must be dismissed by the Court.

### B. Plaintiffs' Claims under §§ 1104 and 1105

The Plaintiffs make the same claims alleging the denial of severance and medical insurance coverage benefits under § 1104 as an individual breach of fiduciary duty, and under § 1105, as a breach of duty by co-fiduciaries against the Defendants Walters and Masters. *See* **Complaint, at ¶'s 46, 47, 55.** ERISA does provide a statute of limitations for breach of fiduciary duty actions. *See* 29 U.S.C. § 1113; *see also, Wise*, 753 F.Supp. at 606; *United Food*, 716 F.Supp. at 1560. Under § 1113, an action for breach of fiduciary duty must be brought within:

the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on

---

1. For purposes of the Defendants' motions, this Court has viewed the facts of when the Plaintiff should have known she was entitled to benefits in the light most favorable to her, and assumed the latest possible date. *See, Matsushita*, 475 U.S. at 574, 106 S.Ct. 1348. The Court notes, though, that the Plaintiff's

letter of July 14, 1994, establishes that she actually had such knowledge as of that earlier date, and possibly as early as the June 21, 1994, letter to Robert Walters requesting further information about her options as to the benefits she could receive.

which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of *fraud or concealment,* such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113 (**emphasis added**).

In this case, the latest date the Plaintiff could claim actual knowledge of the alleged breach by the Defendants (the purported denial of her benefits) was August 11, 1994, the date of the letter from Masters informing her in clear terms as to her status with Thomasville and the benefits that she was to receive. **Masters Letter of 8–11–94; Woody Letter of 7–14–94; Woody Deposition, at 44.** Therefore, under the three-year limitation applicable to actions in which a plaintiff had actual knowledge of an alleged breach, the Plaintiff's claims in this case must fail as time-barred, as they were not filed by August 11, 1997, the expiration date for known breaches of fiduciary duty claims in this case. *See* **29 U.S.C. § 1113; Masters Letter of 8–11–94; Woody Letter of 7–14–94; Woody Deposition, at 44.**

The Plaintiff, though, alleges fraud and concealment in this case. While her state law fraud claims were remanded to the original state forum, the portion of her ERISA claim that is founded in fraud was retained within the jurisdiction of this Court. **Memorandum and Order, filed September 3, 1998.** Therefore, further analysis must be made to determine if the six-year exception for claims based on fraud applies.

■ To establish a claim for fraud, "the circumstances constituting fraud or mistake shall be stated with *particulari-*

*ty.*" Fed.R.Civ.P. 9(b) (**emphasis added**). "The particularity required by the rule generally encompasses the *time, place and contents* of the fraudulent representation, *the identity* of the person making the representation and *what was obtained* by the fraudulent acts or representations. The particularity required cannot be satisfied by using conclusory language ..." *Terry v. Terry,* 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981) (**citing 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure,* § 1296 (1990)**) (**emphasis added**)[2]. The essential elements of a claim for fraud are: 1) false representation of a material fact, 2) reasonably calculated to deceive, 3) made with the intent to deceive, 4) which does in fact deceive, 5) resulting in damage to the injured party. *Terry,* 302 N.C. at 83, 273 S.E.2d at 677. To survive a motion for summary judgment, a plaintiff must properly plead their claim for fraud under Rule 9, allege the required elements, and introduce evidence sufficient to establish the existence of those elements. Fed.R.Civ.P. 9; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A breach of fiduciary duty does not equate to fraud. *See, e.g., Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 276 (2d Cir.1992).

■ The Plaintiff entitled her sixth claim for relief as one for fraud, and made several allegations of fraudulent or concealing acts in the complaint. Most of the alleged fraudulent acts center on various statements allegedly made by Defendants Walters and Masters to Plaintiff regarding her receiving another position in the company, requirements to receive benefits, or her character. **Complaint, at ¶'s 8, 9(f), 16, 28, 29.** There is also an allegation that the Defendant Masters engaged in "implying that the Plaintiff's date of termination was December 31, 1994 ..." *Id.,* at ¶ 31.

---

**2.** "Since Rule 9(b) is a special pleading requirement, it concerns procedure within the federal courts.... However, state law will govern the burden of proving fraud at trial."

**5 Charles A. Wright & Arthur R. Miller, at § 1297; *see also, Owen v. Commercial Union Fire Ins. Co.,* 211 F.2d 488 (4th Cir.1954).

As an initial matter, the Plaintiff must establish the false representation or concealment of a material fact. *Terry*, 302 N.C. at 83, 273 S.E.2d at 677. The record shows the Defendants disclosed all material facts relating to the benefits to which the Plaintiff was entitled and did not act to conceal or misrepresent them. The letters of Defendants Walters and Masters made it clear to the Plaintiff that her position was being terminated, that she would not be employed in another position within the company, and that she was entitled to a minimum of 9.75 weeks of severance pay (she was actually awarded approximately 16 weeks of severance pay, as she was informed of as well) and continued medical coverage (which she in fact received). *See* **Walters Letter of 6–30–94; Masters Letter of 8–11–94; Millen Affidavit, at 3.**

Thus, although the Court views the facts alleged by the Plaintiff in the light most favorable to her for purposes of these motions, the documentary evidence in the record establishes that there was no misrepresentation or concealment. Therefore, the Plaintiff fails to establish any issue of material fact as to her claim of fraud under ERISA. Accordingly, the six-year exception for claims based on fraud to the three-year limitation on claims for breach of fiduciary duty does not apply in this case. *See* 29 U.S.C. § 1113. As a result, the Plaintiffs' claims for breach of fiduciary duty and fraud under § 1104 and § 1105 must be dismissed as untimely filed under § 1113.

### C. Defendant Sharon Bosworth's Motion for Summary Judgment

In light of the above rulings that all of the Plaintiffs' claims before the Court are time-barred, the Defendant Bosworth's motion for summary judgment is allowed for the same reasons. The Court notes, but does not address, the issues raised in Bosworth's motion as further grounds in support of this ruling.

## V. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 are hereby **ALLOWED.**

Plaintiffs' complaint is dismissed by way of Judgment filed herewith.